Daniel S. Brome, CA State Bar No. 278915
dbrome@nka.com
NICHOLS KASTER, LLP
235 Montgomery St., Suite 810
San Francisco, CA  94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Michele R. Fisher, MN State Bar No. 303069*
NICHOLS KASTER, PLLP
fisher@nka.com
4700 IDS Center
80 South 8th Street
Minneapolis, MN 55402

Loren B. Donnell, FL State Bar No. 013429*
SHAVITZ LAW GROUP, P.A.
951 Yamato Rd. Suite 285
Boca Raton, FL 33431
ldonnell@shavitzlaw.com

*Attorneys for Plaintiff and Others Similarly Situated*
*\*Pro Hac Vice forthcoming*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Francis Costa, individually and on behalf of others similarly situated,<br><br>                    Plaintiff,<br><br>    v.<br><br>Apple, Inc.,<br><br>                    Defendant. | Case No. ____<br><br>**COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND OTHER RELIEF** |

**PRELIMINARY STATEMENT**

1. Francis Costa ("Plaintiff") brings this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA") on behalf himself and all current and former non-exempt employees who worked for Apple, Inc. ("Apple" or "Defendant") in the United States at any time from three years prior to the filing of this Action through the date of judgment, who

-1-
COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND OTHER RELIEF

were awarded restricted stock units that vested at any time during that period (the "Collective" or "Collective Action Members").

2. Apple employs Collective Action Members at locations nationwide, pays them on an hourly basis, and classifies them as non-exempt from the FLSA's overtime compensation requirements.

3. Pursuant to a uniform, companywide policy and practice, Apple violated the FLSA when it failed to include the value of vested restricted stock unit compensation in Plaintiff and the Collective Action Members' regular rates of pay to calculate overtime pay. Plaintiff and the Collective Action Members are entitled to unpaid overtime compensation at the correct rate from Apple for all hours worked by them in excess of forty hours in a workweek.

4. Plaintiff seeks relief for himself and for the Collective Action Members under the FLSA to remedy Apple's failure to pay appropriate overtime compensation.

## THE PARTIES

*Plaintiff*

5. Plaintiff, a resident of North Charleston, South Carolina, was employed by Apple in Orlando, Florida from approximately June 2015 to September 2019 and in North Charleston, South Carolina from approximately September 2019 to May 2022.

6. Plaintiff's written Consent to Join this action is attached as **Exhibit A**.

*Defendant*

7. Apple, Inc. is a California corporation with its principal place of business located in Cupertino, California.

8. Apple employed Plaintiff and other similarly situated current and former Collective Action Members and, at all material times, directly and/or indirectly, jointly or severally, controlled and directed Plaintiff's and the Collective Action Members' terms of employment and compensation.

9. Apple had the power to control the terms and conditions of employment of Plaintiff and other similarly situated current and former Collective Action Members, including, without limitation, those terms and conditions relating to the claims alleged herein.

10. Apple meets the definition of an "Enterprise Engaged in Commerce" under 29 U.S.C. § 203 (s)(1), as (1) it has either employees engaged in commerce or the production of goods for commerce or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) it has a gross volume of sales made or business done of not less than $500,000.00.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1337 and 1367.

12. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA, 29 U.S.C. § 201 *et seq.*, pursuant to 29 U.S.C. § 216(b).

13. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. § 216(b).

14. Apple is subject to personal jurisdiction in California as a California corporation.

15. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391 because Apple is incorporated in this District and, upon information and belief, a substantial part of the events giving rise to the claims occurred in this district. This case is properly assigned to the San Jose Division of the Northern District.

## FACTUAL ALLEGATIONS

16. During the statutory period, Plaintiff and the Collective Action Members worked for Apple as hourly non-exempt employees. Apple employed Plaintiff and Collective Action Members within the meaning of the FLSA.

17. Plaintiff and the Collective Action Members are or were hourly-paid, non-exempt employees eligible for overtime pay.

18. As part of his compensation, in addition to regular hourly pay, Apple paid Plaintiff,

and, upon information and belief, Collective Action Members, compensation in the form of restricted stock units.

19. The FLSA requires covered employers, such as Apple, to compensate all non-exempt employees such a Plaintiff, and others similarly situated, at a rate of not less than 1.5 times their regular rate of pay for work performed in excess of forty hours per workweek.

20. Under the FLSA, an employee's "regular rate" of pay is not limited to an employee's hourly rate. The "regular rate" also includes an hourly rate derived from other non-excludable compensation.

21. For purposes of federal law, the regular rate is determined by dividing the non-excludable pay by the total number of hours worked during the period in which that compensation was earned. Overtime is due at one-half that rate for all overtime hours worked that period. This overtime pay is in addition to the overtime pay based on the employee's hourly rate.

22. Apple maintains a common corporate policy not to include the value of vested restricted stock unit compensation in the regular rates of pay of Plaintiff and Collective Action Members.

23. As such, Apple unlawfully underpaid the overtime rates of pay of Plaintiff and Collective Action Members.

24. Restricted stock units compensation appear on Plaintiff's payroll record. However, Plaintiff's payroll records do not reflect that the value of the vested restricted stock units was included in Plaintiff's overtime rate of pay. Plaintiff's payroll records reflect that Plaintiff worked hours over 40 hours in several workweeks but do not reflect any true-up payment for the increase to the overtime rate of pay due to the vested restricted stock unit compensation.

25. Apple has intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA, with respect to Plaintiff and the Collective Action Members, which policy, pattern or practice was authorized, established, promulgated, and/or ratified by Apple. This policy, pattern or practice includes but is not limited to:

(a) willfully failing to include restricted stock unit compensation in the regular rates of pay of the Plaintiff and the Collective Action Members; and

(b) willfully failing to keep accurate payroll records as required by the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff brings FLSA overtime claims on behalf of himself and all similarly situated persons who work or have worked for Apple as Collective Action Members.

27. Apple is liable under the FLSA for failing to properly compensate Plaintiff and the Collective Action Members for all overtime hours worked at the correct overtime rates of pay.

28. There are many similarly situated current and former Collective Action Members who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join.

29. Those similarly situated Collective Action Members are known to Apple, are readily identifiable, and can be located through Apple's records.

30. Notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

## FIRST CAUSE OF ACTION
### Violation of the FLSA
### Failure to Pay Overtime Wages
### (By Plaintiff on Behalf of FLSA Collective)

31. Plaintiff realleges and incorporates by reference all preceding paragraphs and allegations.

32. Apple is an employer of Plaintiff and the Collective Action Members and is engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

33. Plaintiff and the Collective Action Members were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

34. The FLSA requires all covered employers, such as Apple, to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty hours per work week.

35. The regular rate of pay is not limited to hourly pay, but also includes the rate derived from non-discretionary incentive payments and other forms of compensation, including vested restricted stock units.

36. Plaintiff and the FLSA Collective are entitled to be paid overtime compensation, at the proper rate, for all hours worked. By miscalculating the regular rate and failing to compensate Plaintiff and the FLSA Collective proper overtime compensation, Apple violated the FLSA, 29 U.S.C. §§ 201 *et seq*.

37. Apple is aware of its obligations under the FLSA but did not make a good faith effort to comply with the FLSA with respect to its time keeping and compensation of Plaintiff and the Collective Action Members.

38. Because Apple's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255, as it may be further extended or tolled by agreement, equity, or operation of law.

39. As a result of Apple's willful violations of the FLSA, Plaintiff and the Collective Action Members have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs, and expenses pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly Collective Action Members prays for the following relief:

A. At the earliest possible time, Plaintiff should be allowed to give notice of this collective action, or the Court should issue such notice, to all Collective Action Members who are/were employed by Apple during the applicable statute of limitations. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper overtime wages;

B. Unpaid overtime wages, liquidated damages, statutory and other penalties allowed by 29 U.S.C. §§ 201 *et seq*., the supporting United States Department of Labor regulations,

as well as Defendant's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

  C. Pre and post-judgment interest;

  D. Attorneys' fees and costs of the action, including expert fees;

  E. Leave to add additional plaintiffs by motion, the filing of written consent forms, or other method approved by the Court;

  F. Leave to add state law claims; and

  G. Any other relief as this Court deems just and proper.

Dated: 3/23/23

          By: *s/ Daniel Brome*
             Daniel Brome

          ***Attorneys for Plaintiff and the Putative Collective***