GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS JR., SBN 132099
   TBoutrous@gibsondunn.com
THEANE EVANGELIS, SBN 243570
   TEvangelis@gibsondunn.com
CYNTHIA CHEN MCTERNAN, SBN 309515
   CMcTernan@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA  90071
Telephone:   213.229.7000
Facsimile:   213.229.7520

GIBSON, DUNN & CRUTCHER LLP
MEGAN COONEY, SBN 295174
   MCooney@gibsondunn.com
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone:   949.451.3800
Facsimile:   949.451.4220

*Attorneys for Defendant Apple Inc.*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANCIS COSTA, AMANDA HOFFMAN, and OLIVIA MCILRAVY-ACKERT, individually and on behalf of others similarly situated,<br><br>            Plaintiffs,<br><br>   v.<br><br>APPLE, INC.,<br><br>            Defendant. | CASE NO. 3:23-cv-01353-WHO<br><br>**DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL**<br><br>**Hearing**:<br><br>Date:    January 10, 2024<br>Time:    2:00 p.m. PT<br>Place:   via Zoom<br>Judge:   William H. Orrick |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT .........................................................................................................................1

    A. Judicial Economy Favors A Stay ..............................................................................1

    B. The Balance Of Hardships Favors A Stay ................................................................4

III. CONCLUSION ......................................................................................................................6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Agerkop v. Sisyphian LLC*,
    2021 WL 4348733 (C.D. Cal. Aug. 4, 2021) ............................................................................ 4

*Aliphcom v. Fitbit, Inc.*,
    154 F. Supp. 3d 933 (N.D. Cal. 2015) .................................................................................... 5

*Allied-Bruce Terminix Cos. v. Dobson*,
    513 U.S. 265 (1995) ................................................................................................................ 5

*Alter v. Walt Disney Co.*,
    2016 WL 9455627 (C.D. Cal. Oct. 31, 2016) ........................................................................ 6

*Ambrosia v. Cogent Commcn's, Inc.*,
    2016 WL 777775 (N.D. Cal. Feb. 29, 2016) .......................................................................... 4

*Bigger v. Facebook*,
    947 F.3d 1043 (7th Cir. 2020) ................................................................................................ 2

*Bruno v. Wells Fargo Bank N.A.*,
    2021 WL 1550076 (W.D. Pa. Apr. 20, 2021), *petition for permission to appeal
    granted*, No. 21-8023 (3d Cir. Sept. 3, 2021), *appeal stayed pending settlement
    approval*, No. 21-2734 (3d Cir. Sept. 14, 2023) ................................................................ 2, 4

*In re Cement Antitrust Litig.*,
    673 F.2d 1020 (9th Cir. 1981) ................................................................................................ 3

*Circuit City Stores, Inc. v. Adams*,
    532 U.S. 105 (2001) ................................................................................................................ 5

*Clark v. A&L Homecare & Training Ctr., LLC*,
    68 F.4th 1003 (6th Cir. 2023) ............................................................................................. 2, 5

*CMAX, Inc. v. Hall*,
    300 F.2d 265 (9th Cir. 1962) .................................................................................................. 6

*Foreman v. Apple, Inc.*,
    2022 WL 17099160 (N.D. Cal. 2022) ................................................................................ 1, 4

*Hoffman-La Roche Inc. v. Sperling*,
    493 U.S. 165 (1989) ................................................................................................................ 5

*Hunter v. Legacy Health*,
    2021 WL 4238991 (D. Or. Apr. 13, 2021) ............................................................................. 4

*United States ex rel. Integra Med Analytics LLC v. Providence Health & Servs.*,
    2019 WL 6973547 (C.D. Cal. Oct. 8, 2019) .......................................................................... 5

*In re JPMorgan Chase & Co.*,
    916 F.3d 494 (5th Cir. 2019) ......................................................................................... 1, 2, 5

*Leyva v. Certified Grocers of Cal., Ltd.*,
 593 F.2d 857 (9th Cir. 1979)..................................................................................................4

*Lillehagen v. Alorica, Inc.*,
 2014 WL 2009031 (C.D. Cal. May 15, 2014) .........................................................................4

*Lockyer v. Mirant Corp.*,
 398 F.3d 1098 (9th Cir. 2005)..................................................................................................4

*McElmurry v. U.S. Bank National Ass'n*,
 495 F.3d 1136 (9th Cir. 2007)...............................................................................................2, 3

*Romero v. Clean Harbors Surface Rentals USA, Inc.*,
 404 F. Supp. 3d 529 (D. Mass. 2019) ......................................................................................3

*Taylor v. Pilot Corp.*,
 697 F. App'x 854 (6th Cir. 2017) ............................................................................................3

I. INTRODUCTION

Each time that a federal court of appeals has addressed whether courts can authorize notice under the Fair Labor Standards Act ("FLSA") to employees who have agreed exclusively to arbitrate their claims, the underlying proceedings have been stayed to await appellate guidance. That is a sensible application of judicial discretion to ensure the orderly administration of judicial proceedings, and Apple requests that the Court do the same here.

Following the Court's order authorizing FLSA notice, Apple moved to certify the order for interlocutory appeal. Dkt. 105. That motion merits careful consideration from this Court—four courts of appeals have now agreed to address the same issue presented in the motion—and it will be fully briefed by December 21, 2023, and heard on January 10, 2024. By moving for a stay, Apple is simply asking that the Court not allow Apple's motion—and any subsequent appeal—to become moot. In addition to preserving the status quo for a brief time while this important question is resolved, a stay will conserve judicial and party resources and will not harm Plaintiffs or their ability to prosecute this case. Absent a stay, however, notice will go out to tens of thousands of people—more than 60% of the collective as defined by the Court—who have signed arbitration agreements that have been enforced in this District. *See Foreman v. Apple, Inc.*, 2022 WL 17099160 (N.D. Cal. Nov. 22, 2022). That is precisely the type of irremediable harm that other courts have cautioned should be avoided. *See, e.g.*, *In re JPMorgan Chase & Co.*, 916 F.3d 494, 499 (5th Cir. 2019). Apple asks this Court to follow suit and grant its motion to stay.

II. ARGUMENT

A. **Judicial Economy Favors A Stay**

Plaintiffs' opposition does not meaningfully rebut that sending notice to as many as 39,000 employees who signed arbitration agreements would be inefficient and a waste of judicial and party resources, because it cannot. Instead, Plaintiffs' primary argument in opposition is that this inefficiency is inevitable because Apple's motion to certify under section 1292(b) should not be granted. Plaintiffs' views aside, that is not the question before this Court on this motion. There can be no doubt that sending notice out to a collective whose definition even Plaintiffs now dispute (Dkt. 108), and about

60% of which will comprise individuals who agreed to arbitrate their claims (Dkt. 103-1 (Robles Decl.) ¶ 4), is inefficient and should be paused until Apple's motion to certify is resolved.

In any event, Plaintiffs are wrong about whether this Court should grant the motion to certify. Four courts of appeals have seen fit to provide guidance in an interlocutory appeal on the same issue— *see Bigger v. Facebook*, 947 F.3d 1043, 1048 (7th Cir. 2020); *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1008 (6th Cir. 2023); *Bruno v. Wells Fargo Bank N.A.*, 2021 WL 1550076, at *5-6 (W.D. Pa. Apr. 20, 2021), *petition for permission to appeal granted*, No. 21-8023 (3d Cir. Sept. 3, 2021), *appeal stayed pending settlement approval*, No. 21-2734 (3d Cir. Sept. 14, 2023); *JPMorgan*, 916 F.3d at 499 (finding mandamus relief appropriate)—while district courts in the Ninth Circuit remain divided in the absence of circuit guidance, *see* Dkt. 105 at 12 (citing cases). This motion does not seek an early judgment on Apple's motion to certify. To the contrary, it only asks the Court to stay the proceedings, and preserve the status quo, until that motion is resolved.

It is therefore more instructive to look at how the courts in *Bigger*, *Clark*, *JPMorgan*, and *Bruno* treated the district-court proceedings while they considered the issue that Apple seeks to bring to the Ninth Circuit. In each of those cases, the proceedings were stayed pending appeal, just as they should be here. *See* Mot. at 10. Plaintiffs do not dispute as much, but they point out that in *JPMorgan*, the district court denied a stay of proceeding pending the defendant's attempt to appeal. 916 F.3d at 498. That decision does not help Plaintiffs in the slightest: once the case reached the court of appeals, the Fifth Circuit recognized the gravity of the trial court's error and took the extraordinary step of granting a stay itself pending its decision on the defendant's petition for mandamus relief. *Id.*; *see also id.* at 499 (recognizing that "the notice issue will be moot once [the defendant] has provided the required contact information and notice has been sent to putative collective members").

Plaintiffs' suggestion that the "weight of authority" is against certification under section 1292(b) is not only missing the point for purposes of this stay motion, but also mistaken. Their lead case is *McElmurry v. U.S. Bank National Ass'n*, 495 F.3d 1136 (9th Cir. 2007), but that case does not involve section 1292(b) at all. Instead, in *McElmurry* the Ninth Circuit addressed an entirely different question: whether the denial of a motion for notice fell "within the collateral order exception to the final judgment rule." *Id.* at 1140. A finding that the court of appeals does not have collateral-

2

order jurisdiction over a conditional certification order has no bearing on whether this Court's order is appropriate for interlocutory certification under section 1292(b). In fact, the court in *McElmurry* noted that, "had plaintiffs sought" certification under section 1292(b), the court "would have jurisdiction of the appeal and could, in [its] discretion, permit the appeal to be taken." *Id.* at 1140 n.3 (cleaned up). Plaintiffs recognize *McElmurry* is not on point, but try to smooth over that distinction by calling the cases "similar." Opp. at 17. Both may involve different fonts of appellate jurisdiction, but beyond this they are not "similar" at all.

Plaintiffs' reliance on *Taylor v. Pilot Corp.*, 697 F. App'x 854 (6th Cir. 2017), is similarly misplaced. The only question before the Sixth Circuit in *Taylor* was whether the Federal Arbitration Act—again, not section 1292(b)—gave the court of appeals interlocutory jurisdiction over an appeal of a conditional certification order. *Id.* at 858, 860. An unpublished decision on a different statutory source of appellate authority plainly has nothing to say about the viability or wisdom of granting review under section 1292(b). The Sixth Circuit *did* address section 1292(b) in this very context, of course, in *Clark*—a decision Plaintiffs tellingly relegate to a footnote. *See* Opp. at 16 n.10. For purposes of appellate decisions, then, the "weight of authority" Plaintiffs invoked is in the exact opposite direction.

Nor can Plaintiffs find support in *Romero v. Clean Harbors Surface Rentals USA, Inc.*, 404 F. Supp. 3d 529 (D. Mass. 2019), which denied the defendant's motion to certify under section 1292(b) only under a uniquely stringent reading of the standard. The Court found that for a section 1292(b) motion to have merit, the party must show the issue to be appealed could *terminate* the action, and that "the question of whether FLSA notice may be sent to workers who signed arbitration agreements" would not end the case. *Id.* at 535. As Apple explained in its motion for interlocutory appeal, Dkt. 105 at 14, the Ninth Circuit standard for 1292(b) appeals is different: an issue is controlling merely if its resolution "could materially affect the outcome of litigation in the district court," *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). More critically for this motion, however, is that a court may determine "it is efficient for its own docket and the fairest course for the parties to enter

the stay of an action" pending resolution of an issue that is *not* "necessarily controlling." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).[1]

Plaintiffs also argue that the appeal will not significantly affect the proceedings because discovery will occur even if plaintiffs without arbitration agreements are ultimately omitted from the collective. Opp. at 14. This argument does not hold water—reducing the collective by more than 60% will necessarily reduce the scope of the case and discovery significantly, especially in light of Plaintiffs' expansive discovery requests seeking extensive, individualized information for every person in the collective. *See, e.g.*, Dkt. 110-3 at 5 (Request for Production No. 2 seeking "[p]ayroll and timekeeping data . . . [for] each Plaintiff[]"), 7 (Request for Production No. 4 seeking "[d]ocuments or data reflecting the date and value of the restricted stock unit awards Defendant granted each Plaintiff . . . and the value and date at vesting").

Finally, considerations of judicial economy and efficiency weigh in favor of a stay here because Plaintiffs *themselves* are now disputing the Court's definition of the collective. *See* Dkt. 108 at 2. Staying the proceedings until the proper scope of the collective can be determined will thus "simplify [the] issues, proof, and questions of law" at issue in this case. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

## B.   The Balance Of Hardships Favors A Stay

"Absent a stay, a misleading notice will have gone out to" tens of thousands of current and former employees, "thus mooting the appeal." *Bruno*, 2021 WL 1550076, at *5 (granting interlocutory certification and stay). Apple will be required to expend time and resources to provide contact information for tens of thousands of people who are subject to an arbitration agreement that the Northern District of California has already found enforceable, *see Foreman*, 2022 WL 17099160, at

---

[1] Plaintiffs cite several other cases in which courts have denied motions for interlocutory appeal, but provide no argument for why those cases counsel against certification or a stay here. Most were decided before *In re JPMorgan*, *Bigger*, and *Clark*, which support granting certification. *See* Dkt. 105 at 9–14. Others did not address motions under section 1292, *e.g.*, *Agerkop v. Sisyphian LLC*, 2021 WL 4348733 (C.D. Cal. Aug. 4, 2021), and most addressed motions regarding the general standard for conditional certification as opposed to the specific, arbitration-related question at issue in Apple's motion, *e.g.*, *Hunter v. Legacy Health*, 2021 WL 4238991 (D. Or. Apr. 13, 2021); *Ambrosia v. Cogent Commcn's, Inc.*, 2016 WL 777775 (N.D. Cal. Feb. 29, 2016); *Lillehagen v. Alorica, Inc.*, 2014 WL 2009031 (C.D. Cal. May 15, 2014).

*1, and which Plaintiffs themselves do not contend is unenforceable. *See* Dkt. 89 at 7–9 (arguing only that delegation clause is unconscionable). Distribution of notice during the pendency of Apple's motion would thus "undermin[e] the FAA's proarbitration purposes [by] 'breeding litigation from a statute that seeks to avoid it.'" *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 123 (2001) (quoting *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 275 (1995)).

Plaintiffs' generalized claims of harm do not outweigh the certain and concrete harm to Apple if a stay is not granted. Plaintiffs claim that a stay will "prevent[] discovery into the merits of their claims" and "stop Plaintiffs from litigating core legal questions that are unaffected by the issue [Apple] wants to appeal." Opp. at 13. However, such a "generalized risk of delayed litigation" does not constitute harm weighing against a stay. *Aliphcom v. Fitbit, Inc.*, 154 F. Supp. 3d 933, 938 (N.D. Cal. 2015). Plaintiffs' claim that delay will make it harder for them to prove their case, Opp. at 15, is also entitled no weight. A plaintiff's "argu[ment] in general terms that the delay will cause a loss of evidence," absent "specifically explain[ing] what documents could be lost or what witnesses' memories will fade," does not defeat the need for a stay. *United States ex rel. Integra Med Analytics LLC v. Providence Health & Servs.*, 2019 WL 6973547, at *7 (C.D. Cal. Oct. 8, 2019).

Plaintiffs further contend that a stay will "adversely impact people joining, which contravenes the purpose of notice." Opp. at 14. However, "district courts do not 'have unbridled discretion' to send notice to potential opt-in plaintiffs," and "alerting those who cannot ultimately participate in the collective 'merely stirs up litigation,' which is what *Hoffman-La Roche* flatly proscribes." *In re JPMorgan*, 916 F.3d at 502 (quoting *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989)). "The Supreme Court made clear in *Hoffman-La Roche* that the court's facilitation of notice must not in form or function resemble the solicitation of claims . . . [a]nd notice sent to employees who are not, in fact, eligible to join the suit amounts to solicitation of those employees to bring suits of their own." *Clark*, 68 F.4th at 1010 (internal quotations and citation omitted).

Moreover, Plaintiffs provide no reason why the limited delay here is prejudicial. This case has been pending since March, Plaintiffs filed multiple amended complaints without moving for conditional certification in the interim, and did not seek discovery until four months after the parties' Rule 26(f) conference. Plaintiffs have not suffered any prejudice from the ordinary course of litigation,

and have provided no reason why a further, short delay will cause harm. Nor should the Court afford any weight to Plaintiffs' claims that plaintiffs are being prevented from joining the action—new opt-in plaintiffs have been filing consents since this action was filed, including nearly twenty who have opted into the action in the last month. *See* Dkts. 91, 94, 95, 97, 99, 100, 101, 102, 106, 109. As previously noted, seven of the sixteen opt-in plaintiffs who joined the litigation between Apple's motion to compel arbitration and its motion to stay have signed arbitration agreements with Apple. *See* Mot. at 9; *see also* Dkt. 103-1 at ¶¶ 5–6.

Finally, Plaintiffs' claim that "a stay also delays proper payment," Opp. at 15, ignores that there has been no determination that they are entitled to any damages—which Apple strenuously denies. In any event, the mere "delay in recovering potential monetary damages" is not harm and does not overcome a stay. *Alter v. Walt Disney Co.*, 2016 WL 9455627, at *2 (C.D. Cal. Oct. 31, 2016) (internal quotation omitted) (citing cases); *see also CMAX, Inc. v. Hall*, 300 F.2d 265, 268–69 (9th Cir. 1962) (delay in receipt of money damages not "irreparable damage" weighing against stay).

Apple therefore submits that a stay of the proceedings is warranted here. In every instance that the courts of appeals have addressed the question at issue in Apple's section 1292(b) motion, further district court proceedings have been stayed. *See* Mot. at 10 (citing cases). Such a course of action is in the best interests of the parties and the Court, as it preserves judicial and party resources, avoids mooting Apple's motion to certify and potential appeal, and preserves the thousands of arbitration agreements that Apple has entered into with individuals who are currently slated to receive notice of this court action imminently. Although the case law and equities warrant staying the whole case, to avoid unnecessary discovery and litigation surrounding claims committed to arbitration, at a very minimum the distribution of notice should be stayed to avoid irreparable injury to Apple and allow this Court to consider the merits of Apple's section 1292(b) motion with the benefit of full briefing.

### III.   CONCLUSION

For these reasons and those set forth in Apple's Motion, Apple respectfully requests that this Court stay all proceedings, or in the alternative, stay the distribution of notice, pending on the resolution of Apple's motion under 28 U.S.C. § 1292(b) and any subsequent appeal.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: December 8, 2023 | GIBSON, DUNN & CRUTCHER LLP |
| 3 | | THEODORE J. BOUTROUS JR. |
| | | THEANE EVANGELIS |
| | | MEGAN COONEY |
| 4 | | CYNTHIA CHEN MCTERNAN |

By: */s/ Theane Evangelis*
    Theane Evangelis

*Attorneys for Defendant Apple Inc.*