UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS COSTA,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE, INC.,<br><br>    Defendant. | Case No. 23-cv-01353-WHO<br><br>**ORDER DENYING MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL; DENYING MOTION TO STAY PROCEEDINGS AND ADMINISTRATIVE MOTION FOR MODIFICATION OF THE DEADLINES; AND MODIFYING NOTICE LANGUAGE**<br><br>Re: Dkt. Nos. 103, 104, 105, 108 |

Before me are three motions—Apple's Motion to Certify Order for Interlocutory Appeal Under 28 U.S.C. § 1292(b), its Motion to Stay Proceedings, and its Administrative Motion for Modification of the Deadlines Related to Defendant's Motion to Stay—and a joint letter brief wherein the plaintiffs seek to modify the collective definition. All papers relate to my November 21, 2023, order granting the plaintiffs' Motion for Distribution of Judicial Notice. *See* Order Granting Plaintiffs' Motion for Distribution of Judicial Notice ("Prior Order") [Dkt. No. 98]. Apple's motions are DENIED. I will slightly modify the language of the collective definition.

**A.    Apple's Motions**

Apple asks that I certify the Prior Order requiring distribution of judicial notice of this putative collective action under the Fair Labor Standards Act for interlocutory appellate review under 28 U.S.C. § 1292(b). *See* Apple's Motion to Certify Order [Dkt. No. 105]; *see generally* Prior Order. Appellate review before final judgment is appropriate "only in exceptional cases where decision of an interlocutory appeal might avoid protracted and expensive litigation." *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966). This is not an exceptional case, and I DENY the motion.

For the court of appeals to have jurisdiction over an interlocutory appeal, the order must involve: (i) a controlling question of law; (ii) substantial grounds for difference of opinion; and (iii) a likelihood that an immediate appeal may materially advance the ultimate termination of the litigation.  28 U.S.C. § 1292(b).  Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met.  *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).  Section 1292 "was not intended merely to provide review of difficult rulings in hard cases," and certification is at the discretion of the district court.  *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995).

The Prior Order does "involve a controlling question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b).  But there is no chance that the appeal will materially advance the termination of this litigation.

I granted the plaintiffs' leave to distribute judicial notice before ruling on a later scheduled motion over whether the arbitration agreement that some potential class members have signed is enforceable.  I ruled consistently with many of my peers in this Circuit but departed from some out-of-circuit rulings. *See* Prior Order at 7-10.  If the Prior Order is appealed, the litigation will be substantially delayed.

Apple's motion to compel arbitration is set for January 10, 2024.  *See* Apple's Motion to Compel Arbitration [Dkt. No. 83].  I instructed the plaintiffs in the Prior Order to include in their notice to the collective a disclaimer that if the arbitration agreement is found to be enforceable, those who have signed the agreement will not be eligible for participation in the class.  *See* Prior Order 10:24-28.  An immediate appeal, and the accompanying stay, would delay the distribution of notice to all potential class members by several months at least.  While the appeal could impact the size of the collective, it could not terminate the litigation or advance the resolution of the case.

Because I am denying the motion to certify the order for interlocutory appeal, I DENY the defendant's administrative motion to stay proceedings.[1]  That said, I will extend by a week the

---

[1] I am similarly denying the defendant's Administrative Motion for Modification of the Deadlines Related to Defendant's Motion to Stay as moot.  *See* Dkt. No. 104.

1  date by which Apple must produce contact information for the members of the collective, for the
2  reasons below.

### B. The Collective Definition is Modified.

In the Prior Order, I instructed the parties to present any issues they had concerning the notice language in a joint dispute letter submitted on or before December 4, 2023. Prior Order, 13, n.4. The parties timely submitted such a letter. *See* Letter Brief re: Order on Motion for Miscellaneous Relief [Dkt. No. 108]. In it, the plaintiffs contend that I made an error in my definition of the collective. I agree.[2]

The plaintiffs allege in their complaint that Apple's "policy and practice of failing to include vested RSU compensation when calculating the regular rate of pay deprived Plaintiffs, and others similarly situated of the proper overtime wages guaranteed by law." TAC ¶ 50. The declarations in support of the plaintiffs' motion for distribution of judicial notice showed that those plaintiffs who have opted in thus far are similarly situated to the named plaintiffs in that they all worked as hourly, non-exempt overtime-eligible employees during the three-year FLSA statutory period, worked hours over 40 hours in a week for Apple during the statutory period, received RSUs that vested during that period, and were subject to Defendant's policy and practice of not including the value of those vested RSUs when calculating their overtime rate of pay. *See* Plaintiffs' Motion for Distribution of Judicial Notice ("Plaintiffs' Mot.") [Dkt. No. 78] 4:5-9; 10:14-18; *see e.g.* Consent to Join Forms, Dkt. Nos. 1–1, 26–1 (2), 28–1, 31–1(2), 32–1, 33–1, 34–10, 37–1, 38–1 (2), 41–1, 46–1, 47–1, 50–1, 51–1, 57–1, 58–1, 60–1, 62–1, 67–1. The plaintiffs ask that I modify the definition of the collective to better fit their allegations of who is similarly situated to the plaintiffs.

The problem with the collective definition I drafted is this: the RSUs apparently have a 1 - 3 year vesting period, meaning that an Apple employee could receive a RSU prior to the three-year statutory period but that RSU could vest during the statutory period. If an employee worked

---

[2] Defendant is correct that in my Prior Order, I asked the parties to raise issues with the notice language in a joint dispute letter and gave them leave to modify the collective definition via stipulation. In the interest of efficiency, and because I agree with the point that the plaintiffs raise, I am choosing to address the plaintiffs' concern now.

more than 40 hours in a week after receiving that RSU but before it vested, his or her overtime rate of pay for that period would have been calculated in the allegedly improper way according to plaintiffs. If this overtime work happened during the statutory period, that employee would be similarly situated to the plaintiffs and properly part of the collective. But as the collective is defined now, that employee would be excluded. Accordingly, the collective should be modified to include those employees.

Apple expresses concern that this modified definition will allow "someone who worked overtime up to three years preceding the start of the collective period . . . to pursue unpaid overtime during that time." Letter Brief [Dkt. No. 108], at 3. Whether or not notice goes out to individuals who may not ultimately have a claim, that is of no consequence at this stage. Merely alerting such individuals to the existence of the collective does not mean they will ultimately recover from Apple. It will be plaintiffs' counsel's responsibility to communicate eligibility to collective members as this case proceeds on the merits.

As a result, I will define the collective as follows:
> All current and former employees of Apple, Inc. classified as non-exempt/overtime eligible who received restricted stock units that vested on or after March 23, 2020, and who recorded more than forty hours of work in a workweek after receiving an RSU but before the RSU vested.

In light of this modification, I will extend the deadline for Apple to produce contact information for putative collective members from December 11, 2023, to December 18, 2023.

In case there is any further confusion or dispute with respect to the notice or collective definition, the parties may appear on my case management calendar on December 12, 2023, at 2:00 p.m. by videoconference. They shall give notice to my courtroom deputy by Tuesday at 10 a.m. if they decide not to appear.

**IT IS SO ORDERED.**

Dated: December 8, 2023



William H. Orrick
United States District Judge