UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANCIS COSTA,

        Plaintiff,

    v.

APPLE, INC.,

        Defendant.

Case No. 23-cv-01353-WHO

**SIXTH ORDER ON DISCOVERY DISPUTE**

Re: Dkt. No. 285

The parties remain at loggerheads on one issue: the extent to which the opt-in plaintiffs must produce information about their trades or sale of shares acquired from their vested Apple restricted stock units (RSUs) and the amount of those gains or losses. Apple contends that it must be allowed to obtain this information because the unique nature of plaintiffs' claims gives rise to an equitable defense if the liquidated damages and PAGA penalties would be confiscatory or unreasonably punitive. Apple states that it does not intend to use this information as an offset for an individual's damages. *See* Joint Letter [Dkt. No. 285] at 2. I agree with Apple that this information is potentially relevant to its equitable defense but suggest that there is a simpler way for Apple to get this information that avoids the burdensome and potentially invasive nature of Apple's request.

Apple knows when it provided the RSUs to the opt-in plaintiffs, and how long the vesting period was. It knows the stock price when it vested, and on all subsequent dates until today. It does not know whether the RSUs have been sold by the opt-in plaintiffs, or on what date. But, to the extent that it is relevant for any equitable defense, Apple can easily calculate the gain or loss once it knows the date of sale. This information can be obtained through an interrogatory, such as, "Have you sold/transferred any RSUs? If so, state the date of any sales and the number of RSUs

sold on such dates." Such an interrogatory would solicit information relevant to what Apple describes as the "key distinction" between RSUs and what Apple argues constitutes compensation: that unlike wages, shares underlying the RSUs change in value "before, at, and after vesting and can be traded or sold for gains." Joint Letter at 1. There is no need (at least at this stage) to require the opt-in plaintiffs to produce brokerage statements or other information, which would be overly burdensome and invasive, and duplicative of the information provided via the interrogatory.

One issue remains: Who should bear the burden of calculating the gain or loss from the sales? This information is not necessary for plaintiffs' case, but it is akin to an affirmative defense for Apple. Because the information goes to Apple's unique defense to plaintiffs' unique claim, it is reasonable to require Apple, and not plaintiffs, to calculate the opt-in plaintiffs' gain or loss from any sales to the extent it asserts that it is relevant. My assumption is that the core of Apple's equitable defense in this regard will be to show the pattern and amounts of sales (and non-sales), which an expert can easily quantify.

**IT IS SO ORDERED.**

Dated: July 15, 2024



WILLIAM H. ORRICK
United States District Judge