GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS JR., SBN 132099
TBoutrous@gibsondunn.com
THEANE EVANGELIS, SBN 243570
TEvangelis@gibsondunn.com
CYNTHIA CHEN MCTERNAN, SBN 309515
CMcTernan@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

GIBSON, DUNN & CRUTCHER LLP
MEGAN COONEY, SBN 295174
MCooney@gibsondunn.com
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: 949.451.3800
Facsimile:  949.451.4220

*Attorneys for Defendant*
*Apple Inc.*

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| Francis Costa, Amanda Hoffman, and Olivia McIlravy-Ackert individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Apple Inc.,<br><br>Defendant. | Civil Case No.: 3:23-cv-01353 WHO<br><br>**FURTHER JOINT CASE MANAGEMENT STATEMENT**<br><br>**Judge: William H. Orrick** |

Daniel S. Brome, CA State Bar No. 278915
dbrome@nka.com
NICHOLS KASTER, LLP
235 Montgomery St., Suite 810
San Francisco, CA 94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Michele R. Fisher, MN State Bar No. 303069*
fisher@nka.com
NICHOLS KASTER, PLLP
4700 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 218-6170

Loren B. Donnell, FL State Bar No. 013429*
ldonnell@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
951 Yamato Rd. Suite 285
Boca Raton, FL 33431

Michael J. Palitz, NY State Bar No. 278915*
mpalitz@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
477 Madison Ave, 6th Floor
New York, NY 10022

*Attorneys for Plaintiffs and Others Similarly Situated*
*Admitted *Pro Hac Vice*

The Parties jointly submit this Further Joint Case Management Statement pursuant to the Court's Case Management Conference Minute Order, ECF No. 177.

1. **Jurisdiction & Service**

The basis for this Court's subject matter jurisdiction is 28 U.S.C. § 1331. Specifically, this case is filed as a putative collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and thus this Court has original federal question jurisdiction. This Court also has supplemental jurisdiction over Plaintiff Amanda Hoffman's and the California Class's state law claims and Plaintiff Olivia McIlravy-Ackert's and the New York Class's state law claims pursuant to 28 U.S.C. § 1367. Plaintiff Hoffman also asserts claims under the California Private Attorneys General Act ("PAGA"), Cal. Labor Code §§ 2698, *et seq.* (3d Am. Compl., ECF No. 86.) Plaintiffs filed this action in the Northern District of California, stating in the Third Amended Complaint that venue is proper in this district pursuant to 28 U.S.C. § 1391 because Apple is incorporated in this State; has its principal place of business in Cupertino, California; and a substantial part of the events or omissions giving rise to the claims occurred in this district. (*See* 3d Am. Compl., ECF No. 86, ¶ 23)

On April 3, 2023, Apple was served. No other parties remain to be served.

2. **Facts**

   a. Plaintiffs' Statement

On March 23, 2023, Francis Costa filed a putative Fair Labor Standards Act (FLSA) collective action because Apple did not include the value of vested restricted stock unit remuneration in the regular rate used to calculate overtime pay. (*See* Compl., ECF No. 1.) On June 14, 2023, Plaintiffs added California state law claims with Amanda Hoffman as the California class representative. (1st Am. Compl., ECF No. 48.) On August 11, 2023, Plaintiffs amended to add Olivia McIlravy-Ackert as another California class representative and designated her as the New York class representative for added claims under New York state law. (2d Am. Compl., ECF No. 70.) On October 27, 2023, Plaintiffs amended to, in relevant part, add a claim under PAGA with Hoffman as that class representative. (3d Am. Compl., ECF No. 86.)

b. <u>Apple's Statement</u>

Apple denies Plaintiff's allegations in full and denies that it failed to pay appropriate overtime wages to Costa, Hoffman, McIlravy-Ackert, or to any opt-in plaintiff or putative class member.

3. **Legal Issues**

   a. <u>Plaintiffs' Statement</u>

The principal legal issues in dispute are:

- Whether Apple can meet its burden of establishing that RSU remuneration does not have to be included in the regular rate used for Plaintiffs' and the putative class members' overtime pay rate. *See* 29 U.S.C. § 201, *et seq.*; Cal. Wage Order No. 4; Cal. Labor Code §§ 510, 1194, 1198; NYCRR § 142-2.2; New York Labor Law, Article 19, §§ 650, *et seq.*

- To the extent Apple calculated the regular rate incorrectly, whether Apple's actions were willful (or with knowing and intentional behavior). *See* 29 U.S.C. § 255(a); Cal. Labor Code § 203(a); Cal. Labor Code § 226(e)(1)

- To the extent Apple calculated the regular rate incorrectly, whether Apple can prove that its actions were in good faith. *See* 29 U.S.C. § 216(b); NYLL § 663(1).

- To the extent Apple calculated the regular rate incorrectly, whether Apple failed to provide accurate itemized wage statements, and whether Apple is liable for waiting time penalties. *See* Cal. Labor Code §§ 201, 203, 226.

- To the extent Apple calculated the regular rate incorrectly, whether Apple violated the California Unfair Competition Law. Cal. Bus. & Prof. Code §§ 1700, *et seq.*

- Whether an award of civil penalties under PAGA is appropriate. *See* Cal. Labor Code § 2698, *et seq.*

- Whether an award of damages, penalties, attorneys' fees and costs, an injunction and/or other applicable equitable relief is appropriate.

   b. <u>Apple's Statement</u>

Apple submits that the primary legal questions are (1) whether the value of shares underlying restricted stock units that vested are properly excluded from a non-exempt employee's regular rate of pay under 29 U.S.C. § 207(e), Cal. Labor Code §§ 510, 1194, 1198, NYCRR § 142-2.2, and/or NY Labor Law, Article 19, §§ 650, *et seq.*; (2) whether Apple's conduct was willful under the FLSA, California, and New York law, including with respect to the applicable FLSA statute of limitations and available damages, and as to the availability of various penalties under California and New York law; (3) whether the collective should be decertified; (4) whether a California or New York class should be certified; (5) whether Costa, Hoffman, McIlravy-Ackert, and any opt-in plaintiff or putative class member recorded overtime while working in a role that is exempt from overtime under applicable law; (6) whether Plaintiff Hoffman's PAGA claim can adjudicated as pleaded consistent with due process or should be limited; and (7) whether Plaintiffs are owed any damages, penalties, or other relief.

4. **Motions**

No motions are currently pending. The Court ordered the following motion deadlines (ECF No. 284):

- Motion for class certification: August 29, 2024
- Opposition to motion for class certification: September 30, 2024
- Reply in support of motion for class certification: October 15, 2024
- Dispositive motions: March 26, 2025
- Last day for dispositive motions to be heard: May 28, 2025

a. Plaintiffs' Statement

Plaintiffs plan to bring motions for Rule 23 class certification, summary judgment, and any other necessary trial motions.

b. Apple's Statement

Apple intends to file a motion to decertify the FLSA collective, and potentially a motion for summary judgment or adjudication, following the close or substantial completion of discovery. Apple intends to oppose any motions for class certification and/or summary judgment Plaintiffs file in the case.

On October 26, 2023, Apple moved to compel to arbitration the claims of four opt-in plaintiffs, which the Court granted on January 19, 2024. Apple intends to file motions to compel arbitration of additional opt-in plaintiffs who signed arbitration agreements, to the extent Plaintiffs do not agree to withdraw their claims without motion practice. To date, Apple has produced 3,435 arbitration agreements for opt-in plaintiffs.

If the matter proceeds to trial, Apple anticipates filing appropriate trial motions, such as motions *in limine*, before trial.

5. **Amendment of Pleadings**

The deadline for amending the pleadings was December 1, 2023. (*See* ECF No. 73.)

6. **Evidence Preservation**

The Parties certify they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirm that the Parties have met and conferred pursuant the Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. On April 2, 2024, the Court issued a Stipulated ESI Agreement and Protective Order. (ECF Nos. 230, 231.)

7. **Disclosures**

The Parties exchanged Rule 26(a)(1) initial disclosures on or before July 15, 2023.

8. **Discovery**

The Parties exchanged initial disclosures and are engaging in discovery. Plaintiffs propounded two sets of Interrogatories and three sets of Requests for Production of Documents, to which Apple responded. Apple propounded its first set of Requests for Production and Interrogatories on January 2, 2024, and a second set of Interrogatories on April 22, 2024, to which Plaintiffs responded. Apple propounded a third set of Interrogatories on July 11, 2024, to which Plaintiffs responded. Apple has made productions of certain time records, RSU records, wage statements, and arbitration agreements, but those productions are not yet complete. To date, Apple has produced thousands of documents, and its rolling production is ongoing. Plaintiffs requested that Apple complete its production soon because currently it is Plaintiffs' position that none of the

data sets needed to calculate damages for the expert report due December 6, 2024, and for mediation on January 10, 2025, are close to complete.

Plaintiffs have deposed two witnesses under Rule 30(b)(6), and Apple has deposed each of the named plaintiffs.

In accordance with the Court's June 21, 2024 Order (ECF No. 278), Apple served its first set of Requests for Production and Interrogatories on a sample of opt-in Plaintiffs on July 22, 2024. Plaintiffs agreed to serve responses to Apple's interrogatories and requests for production on a rolling basis with the aim of serving responses for half of the selected opt-in plaintiffs (112) by August 21, 2024 and Plaintiffs exceeded that goal.  To date, Apple has identified 20 opt-in Plaintiffs for deposition and asked that Plaintiffs prioritize serving responses to the interrogatories and requests for production on behalf of those opt-ins in the group of responses to be served on or before August 21.  Apple is currently awaiting discovery responses from and deposition dates for many of these individuals.  Plaintiffs are working on getting in touch with opt-in Plaintiffs who answered written discovery to schedule their depositions and have so far completed two opt-in depositions and have two more scheduled.

To the extent any opt-in Plaintiffs refuse to respond to written discovery or appear for their depositions, Apple reserves the right to move for their dismissal.  Plaintiffs oppose dismissal. Further, Plaintiffs note that the Court approved Plaintiffs' proposal that opt-in Plaintiffs who do not respond to written discovery shall be replaced by random sample, and reserved its decision as to the consequences.  (Order, ECF No. 278.)

9. **Class Actions**

This is a FLSA collective action and putative Rule 23 class action under California and New York state law. Including Plaintiffs Costa, Hoffman, and McIlravy-Ackert, over 8,000 individuals filed consent forms to join the FLSA overtime action. Apple disagrees that class or collective treatment of Plaintiffs' allegations is appropriate.  The parties have been conferring to determine the precise number and identities of FLSA collective members who joined and who signed arbitration agreements.

10. **Related Cases**

Counsel for each party is unaware of any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. **Relief**

a. Plaintiffs' Statement

Plaintiffs seek to recover overtime compensation under the FLSA covered by the three-year statutory period (damages for which will extend further back than three years as it is Plaintiffs' position that under the FLSA (and CA and NY law) if a RSU vests in the statutory period, all overtime hours recorded between the RSU award and the date it vested are included in the calculation, *Ray v. California Dept. of Social Services*, 2020 WL 5498060, at *4 (C.D. Cal. July 10, 2020)), an award of liquidated (double) damages, reasonable attorneys' fees and costs, an award of any pre- and post-judgment interest, and further relief, in law or equity, as this Court may deem appropriate and just. Additionally, for the California state law claims, Plaintiffs seek to recover an award of unpaid overtime wages (under a four year statute of limitations extended from three years by the UCL), other due wages, and injunctive relief; appropriate equitable relief; appropriate statutory penalties; an award of damages and restitution; attorneys' fees and costs; an award of pre-and post-judgment interest; penalties under the California Private Attorneys General Act; and other equitable relief as the Court may deem just and proper. Similarly, for the New York state law claims, Plaintiffs seek judgment against Apple for violation of the overtime provisions of applicable New York state law (under a six-year statute of limitations); an award of damages, liquidated damages, appropriate statutory penalties, pre-judgement and post-judgment interest, and attorneys' fees and costs; and such other relief as the Court may deem just and proper. Plaintiffs are unable to provide an accurate damage estimate currently because Apple has not produced all the data Plaintiffs need to do so. Plaintiffs anticipate receiving the necessary information through discovery and then providing the calculation to Defendant.

b. Apple's Statement

Apple is not seeking damages or other relief and maintains that Plaintiff and any opt-in plaintiffs are not entitled to relief of any kind.

12. **Settlement and ADR**

On July 12, 2024, the Court entered a Stipulation and Order to Modify Pretrial Schedule requiring the parties to privately mediate by January 13, 2025. (ECF No. 284). The Parties have selected a private mediator, Tripper Ortman, and are currently holding January 10, 2025, for mediation. Currently, the Parties are not aware of any key motions necessary to position the parties to negotiate a resolution. However, it is Plaintiffs' position that they need Apple to produce the data and information requested in discovery to calculate damages for FLSA collective members. It is also Plaintiffs' position that they need information from Apple to make a demand for mediation for putative class members, to the extent the Court certifies the classes (Plaintiffs previously provided an explanation of the type of class information/data needed and will confer with Apple further). Apple has agreed that for purposes of mediation and subject to mediation privilege, it will provide the estimated number of individuals covered by Plaintiffs' proposed class definitions provided that those definitions are clarified consistent with the definition for the collective notice. Apple has also requested that Plaintiffs confirm that they will not seek to certify a class that includes individuals bound by arbitration agreements.

13. **Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14. **Narrowing of Issues**

The Parties identified the key issues above.

    a.    Plaintiffs' Statement

Plaintiffs believe that some of Apple's defenses that are not supported by law could be dismissed by Apple's agreement now, rather than waiting for summary judgment. Plaintiffs wrote Apple about these at the start of litigation, but Apple did not agree to dismiss any of them. Plaintiffs will confer further with Apple.

    b.    Apple's Statement

Discovery will show that Apple has a good faith basis for each affirmative defense pleaded in its answer. Apple has appropriately preserved these defenses under the predominant approach

in the Ninth Circuit, which provides that a fairly noticed affirmative defense must only describe a defense in "general terms" by identifying the legal theory on which the defense rests, *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015), and "need not assert facts making it plausible," *Mc Elmurry v. Ingebritson*, 2017 WL 9486190, at *2 (E.D. Wash. Aug. 14, 2017) (observing "courts have even held that boilerplate affirmative defenses are appropriate prior to discovery").  To the extent Apple determines through discovery that it will not pursue certain affirmative defenses at trial, it will drop those defenses at the appropriate time.  Apple will not, however, make that decision now with approximately four months left in discovery and when Apple has only began receiving discovery from the opt-in plaintiffs.

15. **Expedited Trial Procedure**

This case is not suitable for the Expedited Trial Procedure of General Order 64.

16. **Scheduling**

Pursuant to the Stipulation and Order to Modify Pretrial Schedule entered on July 12, 2024, ECF No. 284, the following case deadlines are in place (in addition to the motion deadlines mentioned above):

- Fact Discovery Closes: December 6, 2024
- Expert Disclosures Due:  December 6, 2024
- Expert Discovery Closes:  February 17, 2025
- Pretrial Conference:  August 18, 2025 at 2:00 p.m.

17. **Trial**

A jury trial is currently set for September 15, 2025.

18. **Disclosure of Non-Party Interested Entities or Persons**

Each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15.

19. **Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: August 27, 2024                    Respectfully submitted,

/s/ *Michele R. Fisher*                   /s/ *Theane Evangelis*
Michele R. Fisher                         Theodore J. Boutrous, Jr.
                                          Theane Evangelis
Attorneys for Plaintiffs and others       Cynthia Chen McTernan
similarly situated                        Megan Cooney

                                          Attorneys for Defendant Apple Inc.

**ECF SIGNATURE ATTESTATION**

In accordance with Civil Local Rule 5-1, the filer of this document hereby attests under penalty of perjury that the concurrence in the filing of this document has been obtained from all signatories hereto.

Dated: August 27, 2024                    GIBSON, DUNN & CRUTCHER LLP


                                          By:   /s/ *Theane Evangelis*
                                                Theane Evangelis