NICHOLS KASTER, LLP
DANIEL S. BROME, SBN 278915
  dbrome@nka.com
235 Montgomery St., Suite 810
San Francisco, CA 94104

NICHOLS KASTER, PLLP
MICHELE R. FISHER*
  fisher@nka.com
ALEXANDRA M. ROBINSON*
  arobinson@nka.com
4700 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: 877.448.0492

SHAVITZ LAW GROUP, P.A.
LOREN B. DONNELL*
   ldonnell@shavitzlaw.com
951 Yamato Rd. Suite 285
Boca Raton, FL 33431

SHAVITZ LAW GROUP, P.A.
MICHAEL J. PALITZ*
  mpalitz@shavitzlaw.com
477 Madison Ave., 6th Floor
New York, NY 10022

*Attorneys for Plaintiffs*
*Admitted *pro hac vice*

GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS JR., SBN 132099
  TBoutrous@gibsondunn.com
THEANE EVANGELIS, SBN 243570
  TEvangelis@gibsondunn.com
CYNTHIA CHEN MCTERNAN, SBN 309515
  CMcTernan@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA  90071
Telephone: 213.229.7000

GIBSON, DUNN & CRUTCHER LLP
MEGAN COONEY, SBN 295174
  MCooney@gibsondunn.com
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone: 949.451.3800

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Francis Costa, Amanda Hoffman, and Olivia McIlravy-Ackert, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Apple Inc.,<br><br>Defendant. | Case No. 3:23-CV-01353-WHO<br><br>**STIPULATION AND [PROPOSED] ORDER RE RULE 23 CLASS NOTICE AND CLASS DEFINITION**<br><br>Filed:  March 23, 2023<br><br>Honorable William H. Orrick |

STIPULATION AND [PROPOSED] ORDER RE RULE 23 CLASS NOTICE AND CLASS DEFINITION
CASE NO. 3:23-CV-01353-WHO

Francis Costa, Amanda Hoffman, and Olivia McIlravy-Ackert ("Plaintiffs") and Apple Inc. ("Defendant") (collectively, the "Parties"), stipulate:

1. On February 10, 2025, the Court issued an Order that, among other things, certified two Rule 23 classes, one for California class members and another for New York class members, as defined below:

> **Current California Class Definition:**
> All current and former California employees who Apple, Inc. classified as non-exempt/overtime eligible who received restricted stock units that vested on or after June 14, 2019, and recorded more than forty hours of work in a workweek or more than eight hours of work in a workday after receiving an RSU but before the RSU vested. This excludes those who signed an arbitration agreement.
>
> **Current New York Class Definition:**
> All current and former New York employees who Apple, Inc. classified as non-exempt/overtime eligible who received restricted stock units that vested on or after August 11, 2017, and recorded more than forty hours of work in a workweek after receiving an RSU but before the RSU vested. This excludes those who signed an arbitration agreement.

(*See* Order 4, Dkt. 383.) On March 10, 2025, the Court ordered the Parties to submit the proposed class notice for approval. (Order on Stip., Dkt. 396.)

2. In the Order granting class certification, the Court excluded 131 Fair Labor Standards Act Opt-in Plaintiffs who signed releases and in doing so stated that it "will modify the definition of the FLSA collective so that those opt-in plaintiffs who . . . are shown to have released their claims against Apple are excluded." (Order 1, 18, Dkt. 383.)

3. The Parties agree, with the Court's permission, to exclude from the Rule 23 classes all class members who signed a separation, severance, or settlement agreement that released their claims during the entire relevant time period. As a result, the Parties propose revising the class definitions to describe this exclusion, as follows:

> **Revised California Class Definition:**
> All current and former California employees who Apple, Inc. classified as non-exempt/overtime eligible who received restricted stock units that vested on or after June 14, 2019, and recorded more than forty hours of work in a workweek or more than eight hours of work in a workday after receiving an RSU but before the RSU vested. This excludes those who signed an arbitration agreement and excludes those

who signed a separation, severance, or settlement agreement that released their claims during the entire relevant time period.

**Revised New York Class Definition:**
All current and former New York employees who Apple, Inc. classified as non-exempt/overtime eligible who received restricted stock units that vested on or after August 11, 2017, and recorded more than forty hours of work in a workweek after receiving an RSU but before the RSU vested. This excludes those who signed an arbitration agreement. This excludes those who signed an arbitration agreement and excludes those who signed a separation, severance agreement, or settlement agreement that released their claims during the entire relevant time period.

4. The Parties agree that notice shall be distributed by the settlement administrator to the class members by mail, email, and text.

5. The Parties agree to the forms of notice provided as Exhibits to this Stipulation and Proposed Order. (*See* Exhibit 1 Mail Notice, Exhibit 2 Email Notice, and Exhibit 3 Text Notice.)

6. The Parties agree that within 21 days of the Court's approval of this Stipulation and Proposed Order, Apple shall provide the settlement administrator with a separate list for each of the classes that includes the name, Claimant ID, last known address, phone number, and email address of the class members.

7. The Parties agree that the settlement administrator shall then promptly distribute one mail notice, one email notice (to the extent an email address is provided), and one text notice (to the extent a phone number is provided) to the class members.

Date: 3/14/25					NICHOLS KASTER, PLLP


						By:  */s/ Michele R. Fisher*

						*Attorneys for Plaintiffs*

Date:  3/14/25					GIBSON, DUNN & CRUTCHER LLP


						By:  */s/ Megan Cooney*

						*Attorneys for Defendant Apple Inc.*

**PURSUANT TO STIPULATION, IT IS SO ORDERED**:

The Parties' Stipulation above is hereby GRANTED.

Date: _____, 2025

_____
William H. Orrick
United States District Judge

**ECF SIGNATURE ATTESTATION**

In accordance with Civil Local Rule 5-1, the filer of this document hereby attests under penalty of perjury that the concurrence in the filing of this document has been obtained from all signatories hereto.

Date: 3/14/25                                    NICHOLS KASTER, PLLP


                                                 By:  */s/ Michele R. Fisher*