# EXHIBIT 1

APPLE OVERTIME LAWSUIT
C/O ATTICUS ADMINISTRATION
P.O. BOX 64053
SAINT PAUL, MN 55164

<<barcode text>>

Claimant ID: <<Claimant ID>> <<SEQ ID>>
<<FIRST NAME>> <<LAST NAME>>
<<ADDRESS>> <<ADD ADDRESS 2>>
<<CITY>> <<STATE>> << ZIP>>
<<COUNTRY>>

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

## NOTICE OF OVERTIME PAY LAWSUIT

*A court authorized this notice. This is not a solicitation from a lawyer.*

**TO:** **California Class Members:**

All current and former California employees who Apple, Inc. classified as non-exempt/overtime eligible who received restricted stock units that vested on or after June 14, 2019, and recorded more than forty hours of work in a workweek or more than eight hours of work in a workday after receiving an RSU but before the RSU vested. This excludes those who signed an arbitration agreement and excludes those who signed a separation, severance, or settlement agreement that released their claims during the entire relevant time period.

**New York Class Members:**

All current and former New York employees who Apple, Inc. classified as non-exempt/overtime eligible who received restricted stock units that vested on or after August 11, 2017, and recorded more than forty hours of work in a workweek after receiving an RSU but before the RSU vested. This excludes those who signed an arbitration agreement and excludes those who signed a separation, severance, or settlement agreement that released their claims during the entire relevant time period.

**RE:** Lawsuit involving allegations that Apple did not pay accurate overtime wages by not including the value of vested RSUs in the overtime pay rate.

The Court has allowed this lawsuit to be a class action on behalf of the classes defined above. The Court has not decided whether Apple has done anything wrong. There is no money available now, and no guarantee there will be. However, your legal rights are affected, and you have a choice to make now.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **DO NOTHING** | **Stay in this lawsuit. Await the outcome. Give up certain rights.** By doing nothing, you keep the possibility of getting money or benefits that may come from a trial or settlement. But you give up any rights to sue Apple separately about the same legal claims in this lawsuit. |
| **ASK TO BE EXCLUDED** | **Get out of the Classes. Get no benefits from the Class claims. Keep rights.** If you ask to be excluded and money or benefits are later awarded to the Class(es), you won't share in those. But you keep any rights under applicable law to sue Apple separately about the same legal claims in this lawsuit. |

- Your options are explained in this notice. To ask to be excluded, you must act before <<**90 days from notice**>>.
- Lawyers must prove the claims at a trial set to start May 26, 2026. If money or benefits are obtained from Apple, you will be notified.
- **Any questions? Read on and visit www.AppleOvertimeLawsuit.com.**

## BASIC INFORMATION

### 1.  Why did I get this notice?

Apple's records show that you currently work, or previously worked, for Apple, and are a member of the Class(es). This notice explains that the Court has allowed, or "certified," a class action that may affect you. You have legal rights and options that you may exercise before the Court holds a trial. The trial is to decide whether the claims made against Apple, on behalf of the Class(es), are correct. Judge William H. Orrick of the United States District Court for the Northern District of California is overseeing this class action. The lawsuit is known as *Costa et al. v. Apple Inc.*, 3:23-CV-01353-WHO.

### 2.  What is this lawsuit about?

This lawsuit is about whether Apple failed to pay correct overtime wages by not including the value of vested restricted stock units in the employees' overtime pay rate.

### 3. What is a class action and who is involved?

In a class action, one or more people called "Class Representatives" (in this case Amanda Hoffman and Olivia McIlravy-Ackert) sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." The people who sued—and all the class members like them—are called the Plaintiffs. The company they sued (in this case Apple Inc.) is called the Defendant. One court resolves the issues for everyone in the Class—except for those people who choose to exclude themselves from the Class.

### 4. Why is this lawsuit a class action?

The Court decided that this lawsuit can be a class action and move towards a trial because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. Specifically, the Court found that:

- There are thousands of people who are members of the Classes;

2

- There are legal questions and facts that are common to the Classes;
- Ms. Hoffman and Ms. McIlravy-Ackert's claims are typical of the claims of the rest of their respective Class;
- Ms. Hoffman and Ms. McIlravy-Ackert, and the lawyers representing the Class will fairly and adequately represent the Class's interests; and
- This class action will be more efficient than having many individual lawsuits.

Apple disagrees that this lawsuit should proceed as a class action. More information about why this lawsuit is a class action is available at www.AppleOvertimeLawsuit.com.

## THE CLAIMS IN THE LAWSUIT

### 5. What does the lawsuit complain about?

The Plaintiffs say that Apple did not pay them at the correct overtime rate by failing to include the value of vested restricted stock units. You can read the Plaintiffs' claims at www.AppleOvertimeLawsuit.com.

### 6. What is Apple's position?

Apple denies that it did anything wrong and says that vested restricted stock units are properly excluded from the overtime pay rate under the law. Visit www.AppleOvertimeLawsuit.com for more information about Apple's defenses.

### 7. Has the Court decided who is right?

The Court hasn't decided whether Apple or the Plaintiffs are correct. By establishing the Class and issuing this notice, the Court is not suggesting that the Plaintiffs will win or lose. The Plaintiffs must prove their claims at trial and Apple must prove its defenses.

### 8. What are the Plaintiffs asking for?

The Plaintiffs are asking for unpaid overtime wages and any liquidated (double) damages, penalties, and other relief permitted by law.

### 9. Is there any money available now?

No money or benefits are available now because the Court has not yet decided whether Apple did anything wrong, and the case has not otherwise been resolved. There is no guarantee that money or benefits ever will be obtained. If money or benefits are obtained for the Class(es), you will be notified.

## WHO IS IN THE CLASS

You need to decide whether you are affected by this lawsuit.

### 10. Am I part of this Class?

Judge Orrick decided that the people who are within the California and/or New York Classes defined at the beginning of this notice are Class Members. You received this notice because Apple's records reflect that you are included in one or both classes.

## YOUR RIGHTS AND OPTIONS

You must decide whether to stay in the Class or ask to be excluded, and you must decide this now.

## 11. What happens if I do nothing at all?

You don't have to do anything now if you want to keep the possibility of getting money or benefits from this lawsuit. By doing nothing you are staying in the Class. If you stay in and the Plaintiffs obtain money or benefits, either as a result of the trial or a settlement, you will be notified about how to apply for a share (or how to ask to be excluded from any settlement). Keep in mind that if you do nothing now, regardless of whether the Plaintiffs win or lose the trial, you will not be able to sue, or continue to sue Apple—as part of any other lawsuit—about the same legal claims that are the subject of this lawsuit. You will also be legally bound by all the Orders the Court issues and judgments the Court makes in this class action.

## 12. What happens if I ask to be excluded?

If you exclude yourself from the Class—which also means to remove yourself from the Class, and is sometimes called "opting-out" of the Class— you won't get any money or benefits from the Class claims even if the Plaintiffs obtain them as a result of the trial or from any settlement (that may or may not be reached) between Apple and the Plaintiffs. However, you may then be able to sue or continue to sue Apple. If you exclude yourself, you will not be legally bound by the Court's judgments as to the Class claims.

If you start your own lawsuit against Apple after you exclude yourself, you'll have to hire and pay your own lawyer for that lawsuit, and you'll have to prove your claims. If you do exclude yourself so you can start your own lawsuit against Apple, you should talk to your own lawyer, because your claims may be subject to a statute of limitations.

If you already have your own overtime pay rate lawsuit against Apple related to vested restricted stock units (separate from this one) and want to continue with it, you need to ask to be excluded from the Class.

## 13. How do I ask the Court to exclude me from the Class?

To ask to be excluded, you must send an "Exclusion Request" in the form of a letter sent by mail or a message by email stating that you want to be excluded from the *Apple overtime lawsuit*. Be sure to include your name, address, and Claimant ID located near your name and address on this notice. You must mail (postmark) or email your Exclusion Request by <<**90 days from notice**>>, to Apple Overtime Lawsuit, P.O. Box 64053, St. Paul, MN 55164 or AppleOvertimeLawsuit@atticusadmin.com.

## 14. Do I have a lawyer in this case?

The Court decided that the law firms of Nichols Kaster, PLLP of Minneapolis, Minnesota and San Francisco, California, and Shavitz Law Group of Boca Raton, Florida, and New York, New York are qualified to represent you and all Class Members. Together the law firms are called "Class Counsel." They are experienced in handling similar cases. More information about these law firms, their practices, and their lawyers' experience is available at www.nka.com and www.shavitzlaw.com.

## 15. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel is working on your behalf. But if you want your own lawyer, you will have to pay that lawyer. For example, you can ask them to appear in Court for you if you want someone other than Class Counsel to speak for you.

## 16. How will the lawyers be paid?

If Class Counsel gets money or benefits for the Class, they may ask the Court for fees and expenses. You won't have to pay these fees and expenses. If the Court grants Class Counsel's request, the fees and expenses would either be deducted from any money obtained for the Class or paid separately by Apple.

## THE TRIAL

The Court has scheduled a trial to decide who is right in this case.

### 17.  How and when will the Court decide who is right?

As long as the case isn't resolved by a settlement or otherwise, Class Counsel will have to prove the Plaintiffs' claims at a trial. The trial is set to start on May 26, 2026, in the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102. During the trial, a Jury or the Judge will hear all the evidence to help them reach a decision about whether the Plaintiffs or Defendant are right about the claims in the lawsuit. There is no guarantee that the Plaintiffs will win, or that they will get money for the Class.

### 18.  Do I have to attend the trial?

You do not need to attend the trial unless you are required to appear and give testimony as a witness. Class Counsel will present the case for the Plaintiffs, and Apple will present its defenses. You or your own lawyer are welcome to come at your own expense.

### 19.  Will I get money after the trial?

If the Plaintiffs obtain money or benefits as a result of the trial or a settlement, you will be notified. We do not know when this will occur, and there may be no recovery of money or benefits.

## GETTING MORE INFORMATION

### 20.  Are more details available?

Visit www.AppleOvertimeLawsuit.com where you will find more information about the lawsuit and a copy of this notice. You may also speak with one of the lawyers by calling (877) 448-0492.

Date: << Month, Day, Year>>